

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 10, 1974

The Honorable Anna Beth Merten          Opinion No. H- 205
County Auditor
Waller County                           Re:   Disposition of funds
P. O. Box 966                                 raised by a non-profit
Hempstead, Texas 77445                        corporation in connection
                                              with county centennial
Dear Ms. Merten:                              celebration

        Your request for our opinion involves funds derived from the sale of
a book on the history of Waller County and a Waller County Centennial
Cookbook. You advise that the Waller County Historical Survey Committee,
created in accordance with Article 6145.1, V. T. C. S., has been inactive,
in other than civic duties, until this year. Since 1973 was the Waller County
Centennial Year, the Committee decided that it was an opportune time to
write and have published the history of Waller County and also a Waller
County Centennial Cookbook.

        Waller County Historical Society, Inc., a non-profit corporation,
was formed and it financed the history book and the cookbook for the His-
torical Survey Committee. After selling the books and paying expenses, a
profit remained.

        The question you have asked is: "Should the profit from the sale of the
above mentioned books be deposited with the Waller County Treasurer to be
disbursed by her and audited by the County Auditor, as other county funds?"

        The Texas Non-Profit Corporation Act, Article 1396-1.01, et seq.,
V. T. C. S., authorizes the organization of such a corporation for any lawful
purpose. (Art. 1396-2.01). Among its general powers, it is expressly autho-
rized "To make donations for the public welfare or for charitable, scientific,
or educational purposes. . . ." [Art. 1396-2.02, A(13)]. It is not prohibited
from realizing a profit but may not pay any dividend to its members, directors

p. 964

or officers. (Art. 1396-2.24).

It is our opinion, therefore, that the funds of the Waller County Historical Society, Inc., may be used or disposed of by it for any purpose not forbidden by the Non-Profit Corporation Act. The corporation is not subject to the supervision of the County Auditor's office and may deposit its funds in any proper depository or none at all.

## SUMMARY

Neither the county treasurer nor the county auditor has any responsibility for funds of a legally organized non-profit corporation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee